UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Darian Nikia MUNSON, CDCR #AC-8959, Plaintiff, v. B. MERCADO, Sergeant, Defendant. | Case No.: 25-cv-00886-AGS-SBC **ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF PROCESS (ECF 2)** |
|---|---|

In this civil-rights suit under 42 U.S.C. § 1983, plaintiff Darian Nikia Munson, an unrepresented prisoner, claims that a correctional sergeant at Richard J. Donovan Correctional Facility failed to protect him from being attacked by his cellmate while he was incarcerated there. (ECF 1, at 1–3.) He did not pay the filing fee for this lawsuit, but instead asks to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). (ECF 2.)

For the reasons explained, the Court grants Munson's motion to proceed IFP, screens his complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), finds it alleges a plausible claim for relief, and directs the U.S. Marshal to effect service of process on his behalf. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

## MOTION TO PROCEED IFP

Parties instituting most civil actions in federal court must prepay $405 in fees, including a $350 filing fee and a $55 administrative fee. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). But if the Court grants leave to proceed *in forma pauperis*, a party may initiate a civil action without prepaying the required fees. *See* 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

Prisoners seeking to proceed IFP must submit a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Unless the

prisoner has no assets, the Court uses the certified trust account statement to assess an initial payment of 20% of the greater of (a) "the average monthly deposits to the prisoner's account" or (b) "the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint." *See* 28 U.S.C. §§ 1915(b)(1) & (4). Prisoners who proceed IFP must repay the $350 filing fee in installments regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(2).

In support of his motion, Munson attached a copy of his prison certificate and trust account statement. (ECF 2 at 9–13.) During the six months before filing suit, he had an average monthly balance of $93.62 and average monthly deposits of $101.67. (*Id.* at 11.) At the time of filing, he had an available balance of $130.39. (*Id.* at 12.) But a prison trust account statement filed by the CDCR just a few a few days later shows Munson's available balance as of April 14, 2025, was zero. (ECF 3 at 2.) So, the Court finds Munson has established an inability to pay any initial filing fee and grants his IFP motion. While the Court will not collect any initial payment because it appears Munson no longer has available funds to pay one, he must still pay the full $350 filing fee in installments as required by 28 U.S.C. § 1915(b)(2). *See Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2022) ("[U]nder [28 U.S.C. § 1915(b)(4)'s] safety-valve provision, '[i]n *no* event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.'") (emphasis original).

## SCREENING

### A.   Legal Standard

The Court must also screen Munson's complaint and *sua sponte* dismiss it if it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

1  Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Id.*

### B.   Plaintiff's Allegations

On November 11, 2024, Munson approached Correctional Sergeant B. Mercado on the yard outside Building 13 on Donovan's C Yard, where he resided, "begging and pleading for his help" in moving him out of a "dangerous and violent situation" involving his cellmate, an inmate named Adair. (ECF 1, at 3.) Munson "let[] [Mercado] know that [he] feared for [his] safety," was "A.D.A. disabled[,] and unable to defend [him]self." (*Id.*) In response, Munson alleges Mercado yelled and admonished him for not "notifying staff first," even though Munson replied that he had. (*Id.*) Mercado and Munson then entered the building, and while Mercado spoke with another officer, Munson sat at a table, waited for the yard to be released, and refused to go back in the cell with Adair. (*Id.*) Sergeant Mercado later returned and told Munson: "You're not getting a cell by yourself." Mercado then walked off. (*Id.*) This left Munson to "remain in a violent situation," which four days later resulted in him suffering from busted lips, contusions to his back, head, and lip, and broken teeth. (*Id.*; *see also* ECF 1-2, Exs. A–D.)

Based on this turn of events, Munson now sues Sergeant Mercado under § 1983 and seeks $100,000 in damages based on claims that Mercado failed to protect him in violation of the Eighth Amendment. (ECF 1 at 3, 6.)

### C.   Discussion

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S.

386, 393–94 (1989) (citation omitted). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)).

Munson claims Mercado was employed as a correctional sergeant at Donovan and acted in both his official and individual capacity at the time he allegedly ignored a threat to Munson's safety. (ECF 1 at 2.) So, Munson's claims satisfy § 1983's "under color of State law" requirement. *See Naffe v. Frey*, 789 F.3d 1030, 1036 (9th Cir. 2015) (noting § 1983's "under color" element is generally satisfied "when a state employee[] . . . wrongs someone 'while acting in his official capacity or while exercising his responsibilities pursuant to state law'" (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))).

That leaves the question of whether Munson has alleged facts sufficient to plausibly show Mercado violated the Eighth Amendment's proscription of cruel and unusual punishment when he refused to rehouse or take other measures to protect Munson from attack by his cellmate. The Court concludes he has. "[E]very inmate, from the scrawniest to the brawniest, has the right to have his jailers not be deliberately indifferent to a substantial risk of serious harm to him." *Mooring v. San Francisco Sheriff's Dep't*, 289 F. Supp. 2d 1110, 1118 (N.D. Cal. 2003) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) ("Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'")). Therefore, the Eighth Amendment requires prison officials like Mercado to take reasonable measures to protect inmates from known risks of violence. *See Wilk v. Neven*, 956 F.3d 1143, 1147 (9th Cir. 2020) (citing *Farmer*, 511 U.S. at 833).

Here, Munson specifically claims he personally told Sergeant Mercado he feared being attacked by Adair and was especially vulnerable due to his disability—and yet the sergeant allegedly refused his request for intervention, leading to Munson being assaulted in his cell just four days later. These allegations plausibly show Munson was injured due

1  to Mercado's deliberate indifference to his plight. *See Iqbal,* 556 U.S. at 678; *Farmer,*
2  511 U.S. at 833 ("Having incarcerated persons with demonstrated proclivities for antisocial
3  criminal, and often violent, conduct, having stripped them of virtually every means of
4  self-protection and foreclosed their access to outside aid, the government and its officials
5  are not free to let the state of nature take its course." (internal citation and alterations
6  omitted)). In fact, "[d]eliberate indifference can be predicated upon knowledge of a
7  victim's particular vulnerability (though the identity of the ultimate assailant [was] not
8  known in advance of attack)[.]" *Brown v. Budz*, 398 F.3d 904, 915 (7th Cir. 2005).

9  For these reasons, the Court will direct the U.S. Marshal to effect service of process
10 upon Mercado on Munson's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court
11 shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R.
12 Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or
13 deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under
14 28 U.S.C. § 1915.").

## CONCLUSION

Thus, the Court orders as follows:

(1)   Munson's motion to proceed IFP (ECF 2) is **GRANTED**.

(2)   The Secretary of the CDCR, or his designee, must collect the $350 filing fee from Munson's prison trust account in monthly payments equal to twenty percent (20%) of the preceding month's income each time the amount in his account exceeds $10, and forward those payments to this District's Clerk of Court per 28 U.S.C. § 1915(b)(2).

(3)   The Clerk of the Court must serve a copy of this order on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

(4)   The Clerk of the Court must also issue a summons as to Munson's complaint (ECF 1) for defendant B. Mercado and forward it to Plaintiff along with a blank U.S. Marshal Form 285. The Clerk will also provide Munson with a copy of this order, a certified copy of his complaint, and the summons so that he may use them to serve

Mercado. Upon receipt of this "IFP Package," Munson must complete the U.S. Marshal Form 285 as completely and accurately as possible, include a physical address where Mercado may found and/or subject to service, and return these materials to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package. *See* S.D. Cal. Civ. L.R. 4.1.c.

(5)     The U.S. Marshal must serve a copy of the complaint and summons upon Mercado as directed by Munson on the USM Form 285 and file an executed waiver of personal service upon Mercado with the Clerk of Court as soon as possible after its return. Should Mercado fail to return the U.S. Marshal's requests for waiver of personal service within 90 days, the U.S. Marshal must instead file the completed, but unexecuted Form USM 285 Process Receipt and Return with the Clerk of the Court, include the date the summons, complaint and request for waiver was mailed, and indicate why service upon Mercado was unsuccessful. All costs of service will be advanced by the United States; however, if Mercado is located within the United States and fails without good cause to sign and return the waiver requested by the Marshal on Munson's behalf, the Court will impose upon Mercado any expenses later incurred in making personal service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

(6)     After the U.S. Marshal completes service, Mercado must respond to Munson's complaint—and to any subsequent pleading Munson may file in this case naming Mercado as a defendant—within the time provided by Federal Rule of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (stating that while a defendant may "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and thus, has made a preliminary determination based on the face on the pleading that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

(7)     After the U.S. Marshal completes service, Munson must serve upon defendant Mercado, or if appearance has been entered by counsel, upon Mercado's counsel, a copy

of every further pleading, motion, or other document submitted for the Court's consideration. *See* Fed. R. Civ. P. 5(b). With every original document Munson seeks to file with the Clerk, Munson must include a certificate stating the manner in which a true and correct copy of that document was served on defendant Mercado or his counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. The Court may disregard any document that has not been properly filed with the Clerk or that fails to include a Certificate of Service upon Mercado or his counsel.

Dated:  June 12, 2025

_____
Hon. Andrew G. Schopler
United States District Judge